# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Parentage of<br>B.C. | ) <br> ) <br> ) <br> ) | No. 76053-0-I |
| GEORGE CHAPMAN, | ) <br> ) | ORDER DENYING MOTION<br>FOR RECONSIDERATION |
| Appellant, | ) <br> ) <br> ) | AND WITHDRAWING AND<br>SUBSTITUTING OPINION |
| v. | ) <br> ) | |
| PATRICIA CHAPMAN; and STATE OF<br>WASHINGTON, DEPARTMENT OF<br>SOCIAL & HEALTH SERVICES, | ) <br> ) <br> ) <br> ) | |
| Respondents. | ) <br> ) <br> ) | |

The appellant, George Chapman, has filed a motion for reconsideration of the opinion filed on June 11, 2018. The State has not filed a response to the appellant's motion for reconsideration. The court has determined that the motion should be denied, but the opinion should be withdrawn, and a substitute opinion filed; now, therefore, it is hereby

ORDERED that the motion for reconsideration is denied; and it is further

ORDERED that the opinion filed on June 11, 2018 is withdrawn; and it is further

ORDERED that a substitute unpublished opinion shall be filed.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Parentage of B.C. | ) ) ) | No. 76053-0-I |
| GEORGE C., | ) ) | DIVISION ONE |
| Appellant, | ) ) ) | UNPUBLISHED OPINION |
| v. | ) ) ) | |
| PATRICIA C.; and STATE OF WASHINGTON, DEPARTMENT OF SOCIAL & HEALTH SERVICES, | ) ) ) ) | |
| Respondents. | ) ) ) ) ) | FILED: July 23, 2018 |

APPELWICK, C.J. — George filed a petition to establish parentage of a child, asserting that he was the presumed parent by marriage. The child's parentage had already been established by final order in a separate case. The trial court dismissed George's petition. We affirm.

## FACTS

On April 28, 2011, the trial court entered a decree, dissolving the marriage of Patricia C. and George C. In the findings of fact, the court found that the marital presumption in favor of George's parentage of the child, B.C., had been rebutted.[1]

---

[1] We refer to the parties by their first names and use the initials of the child. See In re Parentage of C.S., 134 Wn. App. 141, 144 n.1, 139 P.3d 366 (2006) (in action to disestablish parentage and establish paternity, opinion refers to parties by first names and the children by initials only).

It relied on genetic test results showing a high probability that someone else, Casey P., was the child's biological father. The court handwrote[2]:

> Due to the late submittal by pet[itioner]/mom of Genetic Test Results (Att[a]chm[en]t "A" Hereto) indicating someone other than Respondent/Husband George . . . may be child [B.C.]'s bio[logical] father, the [court] finds that statutory presumption of paternity [(unreadable)] that child in favor of [George] pursuant to apparently fraudulently executed birth certificate is rebutted—[the court] makes no finding of paternity [(unreadable)] that child and leaves such determination to future action(s) to establish/disestablish paternity which parties themselves may choose to file.

On September 16, 2015, George filed a petition to establish himself as B.C.'s father. In his petition, he stated that he was the "presumed father" because he was married to Patricia before the child was born. On March 24, 2016, the trial court found:

> Paternity has already been established not naming the above petitioner George . . . as the father of the minor child in question. The court cannot even move forward with today's petition.
>
> Paternity needs to be disestablished if that is the relief that is being sought; notice of same needs to be served on the current father; and notice of same needs to be served on the State of Washington.

The trial court continued the hearing until June 6, 2016.

On April 12, 2016, George filed another petition to establish parentage of B.C. In the petition and the declaration to support the petition he continued to allege that he was the presumed parent by marriage, because the child was born during his marriage to the child's mother.

_____

[2] George moved to supplement the record at this court with what appears to be a copy of minute entry. He asserts that the court's handwriting in the findings of fact and conclusions of law is "difficult to read" and "his intent unclear." We deny the motion.

On April 26, 2016, the State of Washington, Department of Social and Health Services, filed a notice of appearance in the case. In drafting a response to George's petition to establish parentage, the State reviewed the dissolution decree. Based on the information in the findings and conclusions of that order, the State filed a paternity action to establish Casey as B.C.'s father. On September 28, 2016, the court signed the final parentage order, establishing Casey as B.C.'s legal parent.

The State moved to dismiss George's petition for establishment of parentage. The State's motion to dismiss George's petition stated that Patricia, the respondent in George's petition to establish parentage, had not been properly served. The State also observed that, on September 28, 2016, the trial court had entered a final parentage order establishing Casey as B.C.'s father. The State argued that George's petition for establishment of parentage should be dismissed, because of the order that had already established Casey as B.C.'s father. On October 26, 2016, the trial court dismissed with prejudice George's petition. George filed a notice of appeal of "the matter of parentage of [B.C.]." This court presumes he is appealing the order of dismissal. As a procedural matter, there is no evidence in the record that George served respondent Patricia in the appeal.

## DISCUSSION

George makes four arguments. First, he argues that he is B.C.'s presumed parent because he was married to her mother when she was born. Second, he argues that the trial court erred when it decided that the presumption of parentage had been rebutted, before an adjudication on the matter. Third, he argues that the

statute of limitations for a parentage action had expired before the separate action established Casey as B.C.'s father. Fourth, he argues that under RCW 26.26.510 the trial court could not issue an order disestablishing his paternity because the child, B.C., was not a party to the action.

Paternity proceedings brought under the Uniform Parentage Act of 2002, chapter 26.26 RCW, are civil actions governed by the rules of civil procedure. State ex rel. McMichael v. Fox, 132 Wn.2d 346, 352, 937 P.2d 1075 (1997). Conclusions of law are reviewed de novo. State ex rel. D.R.M. v. Wood, 109 Wn. App. 182, 188, 34 P.3d 887 (2001).

The arguments George raises would be properly raised in an initial proceeding to establish paternity. But, during the pendency of the proceeding below, a separate action to establish paternity in another father proceeded to final judgment. The arguments were properly asserted in that proceeding, an appeal of that proceeding or a separate collateral attack to that action, if any. The action on appeal here was not the forum to challenge that judgment. Unless that judgment is overturned, judgment establishing George as a parent cannot proceed. See In re Parentage of C.S., 134 Wn. App. 141, 150, 139 P.3d 366 (2006) (reasoning that once paternity is disestablished, a party is then allowed to establish paternity). An action to establish paternity and an action to disestablish paternity are two legal questions with separate remedies and differing rules. See id. Nothing in the record indicates that the order establishing Casey as B.C.'s legal parent has been vacated. We do not have a basis to reverse the trial court's order

dismissing George's petition. Therefore, the trial court properly dismissed George's petition to establish parentage.

We affirm.

*Appelwick, C.J.*

WE CONCUR:

*Mann, J.*    *Becker, J.*